

Frank W. Volk
United States District Judge

Dated: December 11th, 2019

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| IN RE: | CASE NO. 2:19-bk-20419 |
|---|---|
| JAMES LEONARD SHUFF and LISA KAY SHUFF, | CHAPTER 7 |
| Debtors. | JUDGE FRANK W. VOLK |

### MEMORANDUM OPINION AND ORDER DENYING APPLICATION TO PAY FILING FEE IN INSTALLMENTS AND DISMISSING CASE WITH A BAR TO RE-FILING

Pending is the Debtors' Application to Pay Filing Fee in Installments [dckt. 3], filed on September 19, 2019. This matter is ready for adjudication.

**I.**

The Shuffs have filed three prior bankruptcy petitions within the last three years. They are listed below, along with the present case:

| Case No. | Date Filed | Date Dismissed | Unpaid Filing Fees | Other Notes |
|---|---|---|---|---|
| 17-20212 (Ch. 7) | April 18, 2017 | October 18, 2017 | $335 | Dismissed on motion by the United States Trustee. |
| 17-20500 (Ch. 7) | September 28, 2017 | December 18, 2017 | $335 | Dismissed on motion by the United States Trustee. |
| 18-20037 (Ch. 7) | February 1, 2018 | August 7, 2018 | $335 | Dismissed on motion by the United States Trustee with a **180 day bar to re-filing.** |
| 19-20419 (Ch. 7) | September 19, 2019 | N/A | $335 | Case is pending. |

In their first case, after receiving two time extensions, the Shuffs failed to file the required financial documents, including schedules, the Statement of Financial Affairs ("SOFA"),

and copies of pay advices. The Shuffs had also in that case obtained permission to remit the filing fee in installments but did not make a single payment. The case was dismissed on motion by the United States Trustee for failure to file documents required by statute. The entire filing fee remains unpaid.

In their second case, the Shuffs again failed to file the required financial documents, including schedules, the SOFA, and copies of pay advices. The Shuffs had also in that case requested permission to remit the filing fee in installments but did not make a single payment. The case was dismissed on motion by the United States Trustee for failure to file documents required by statute. The entire filing fee remains unpaid.

The Shuffs filed a third petition and, as they had in the past, failed to file the required financial documents, including schedules, the SOFA, and copies of pay advices. They also failed to appear at their Section 341 meeting. The Shuffs in that case submitted an Application to Waive the Filing Fee, which was denied. The case was dismissed on motion by the United States Trustee for failure to file documents required by statute, and the dismissal was entered with prejudice. The Shuffs were barred from re-filing for 180 days due to the abusive nature of their petitions. The 180-day bar ended on March 6, 2019. The entire filing fee remains unpaid.

The instant case was filed on September 19, 2019. The Shuffs have again filed an Application to Pay the Filing Fee in Installments. For the first time, they have filed their Statement of Monthly Income, along with their payment advice affidavits. However, they have yet to file credit counseling certificates,[1] schedules, and the SOFA. These documents were due October 2, 2019.

---

[1] The Court acknowledges that the Shuffs filed a "Motion" to extend time to file credit counseling certificates. The hastily-written note, found at docket number 5, reads, in its entirety,

As of November 5, 2019, the Shuffs owe $1,340 in filing fees. They have yet to prosecute any of their bankruptcy filings and have never filed schedules or a SOFA.

## II.

### A.    Governing Standard

Title 11 U.S.C. § 109 governs who may be a debtor. Section 109(g)(1) provides as follows:

> (g) Notwithstanding any other provision of this section, no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if--
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case . . . .

11 U.S.C. § 109(g)(1).

This 180-day filing ban is "an extraordinary remedy for perceived abuses of the [Bankruptcy] Code." *Houck v. Substitute Trustee Servs.*, 791 F.3d 473 (4th Cir. 2015) (quoting *Frieouf v. United States (In re Frieouf)*, 938 F.2d 1099, 1104 (10th Cir. 1991) (internal quotation marks omitted)). "Willful," although not defined in the Bankruptcy Code, has been interpreted as meaning "deliberate or intentional." *Denisar v. Payne*, No. 5:12cv00090, 2013 U.S. Dist. LEXIS 10047, at *9 (W.D. Va. Jan. 25, 2013) (quoting *Walker v. Stanley*, 231 B.R. 343, 347-47 (N.D. Cal. 1999) (citing *In re Herrera*, 194 B.R. 178, 188 (Bankr. N.D. Ill. 1996))). Failing to make a Chapter 13 Plan payment or missing a single hearing or 341 meeting of creditors does not rise to the level of "willful." *Id.* However, courts have interpreted repeated conduct as deliberate conduct. *Id.* And, importantly, "the court will infer from a pattern of dismissals and re-filing in

---

as follows: "I am needing the credit counseling waived for 30 days due to [sic] being an emergency to file bankruptcy. Will get credit counseling ASAP."

unchanged circumstances willful failure to abide by orders of the court and an abuse of the bankruptcy process which this amendment was designed to prevent." *Id.* at *10 (quoting *Walker*, 231 B.R. at 348 (quoting *Hererra*, 194 B.R. at 189 (quoting *In re Nelkovski*, 46 B.R. 542, 545 (Bankr. N.D. Ill. 1985)))).

For example, in *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933 (4th Cir. 1997), the debtor failed to attend the initial creditors meeting and did not file schedules. Our court of appeals described these actions as constituting "an abuse of the protection afforded her by the bankruptcy system." *Tomlin*, 105 F.3d at 941. Furthermore, "[h]er purpose seemed clear; by continuously filing petitions, the automatic stay prevented foreclosure action on her home." *Id.* Importantly, the court of appeals noted that the *Tomlin* debtor's behavior was "the very behavior for which Congress formulated § 109(g)." *Id.*

Importantly, 180 days is not the limit when it comes to a court's authority to use a re-filing bar as a sanction. Courts within the Fourth Circuit read § 349(a) of the Bankruptcy Code as allowing dismissals with bars to re-filing under two circumstances: "(1) if the court, for cause, so orders, or (2) if the terms of § 109(g) apply to debtors' case." *Jolly v. Great Western Bank (In re Jolly)*, 143 B.R. 383, 387 (E.D. Va. 1992), *aff'd*, 45 F.3d 426 (4th Cir. 1994). Therefore, "so long as the dismissing court finds cause, a bankruptcy action may be dismissed with prejudice for 180 days, *or more*, without violating the terms of § 349(a) or, for that matter, §109(g)." *Id.* (emphasis added); *see also In re Weaver*, 222 B.R. 521, 523 n.1 (Bankr. E.D. Va. 1998); *In re Robertson*, 206 B.R. 826, 830 (Bankr. E.D. Va. 1996). In *In re Stockwell*, the United States Bankruptcy Court for the Eastern District of North Carolina concluded that "continuous bad faith conduct . . ." justified a re-filing injunction of longer than 180 days. *In re Stockwell*, 579 B.R. 367, 374 (Bankr. E.D.N.C. 2017). It is thus well-settled that bankruptcy courts, pursuant to § 349(a),

4

have discretion to "prohibit the filing of a petition within a set time . . . ." *Weaver*, 222 B.R. at 522 (discussing a previous decision to bar the debtor from re-filing for 12 months).

B.   Analysis

### 1. Bar to Refiling and Dismissal

The Shuffs have more than satisfied the requirements of sections 109(g)(1) and 349(a); they have flagrantly disregarded the bankruptcy process. They filed their cases and then took no action to abide by the Code. This pattern evidences deliberateness and willfulness. This Court will infer from their actions an abuse of the bankruptcy process. Their behavior, as in *Tomlin*, is the very behavior for which Congress formulated section 109(g)(1). And, inasmuch as the Shuffs were not deterred by the 180-day re-filing bar instituted by the dismissal of their last case, this Court finds cause to impose a longer sanction. Accordingly,

It is **ORDERED** that the above-captioned case be, and is hereby, **DISMISSED WITH PREJUDICE.**

It is further **ORDERED** that the Shuffs be, and are hereby, barred from filing another bankruptcy case under this title for one year from the entry of this written opinion and order.

In the event the Debtors ignore the bar period and file anew prior to expiration of such period, the trustee may move for dismissal and an order to show cause.

### 2. Outstanding Filing Fees

As stated previously, the Shuffs owe $1,340 in filing fees, as they have not remitted a single payment in any of their four cases.

5

Case 2:19-bk-20419    Doc 38    Filed 12/11/19    Entered 12/11/19 17:55:46    Desc Main
                    Document      Page 6 of 6

It is **ORDERED** that the Shuffs' Application to Pay Filing Fee in Installments be, and is hereby, **DENIED.**

It is further **ORDERED** that, prior to any new filings under this title, the Shuffs shall pay their outstanding filing fee balance. In the event they file a new bankruptcy case following expiration of the bar period and they have not at that time paid the $1,340 due and owing, the trustee may move promptly for dismissal. *See*, *e.g.*, *In re Domenico*, 364 B.R. 418, 423 (Bankr. D.N.M. 2007) ("The Court therefore concludes that the phrase 'any fees or charges required under chapter 123 of title 28' is not limited to those fees or charges arising out of the Debtor's current case, but in this instance also includes the $144 remaining unpaid from his previous chapter 13 case.").